UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM FEGGINS, on behalf of himself and all others similarly situated,<br><br>      Plaintiff(s),<br><br>      -against-<br><br>WATSON & ALLARD, PC and JOHN DOES 1-25,<br><br>      Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**COMPLAINT -- CLASS ACTION AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, WATSON & ALLARD, PC ("WATSON & ALLARD) and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. WATSON & ALLARD maintains a location at 24 Regency Plaza, Glen Mills, Pennsylvania 19342.

7. WATSON & ALLARD uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8. WATSON & ALLARD uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. WATSON & ALLARD is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## **STATEMENT OF FACTS**

11.	Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.	At some time prior to August 20, 2019, Plaintiff allegedly incurred a financial obligation to SUN EAST FEDERAL CREDIT UNION ("SUN EAST FCU") or a previous creditor.

13.	The SUN EAST FCU obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14.	Plaintiff incurred the SUN EAST FCU obligation by obtaining goods and services which were primarily for personal, family and household purposes.

15.	The SUN EAST FCU obligation did not arise out of a transaction that was for non-personal use.

16.	The SUN EAST FCU obligation did not arise out of a transaction that was for business use.

17.	The SUN EAST FCU obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.	SUN EAST FCU and any previous creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.	On or before August 20, 2019, SUN EAST FCU referred the SUN EAST FCU obligation to WATSON & ALLARD for the purpose of collections.

20.	At the time the SUN EAST FCU obligation was referred to WATSON & ALLARD, the SUN EAST FCU obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

21.   WATSON & ALLARD caused to be delivered to Plaintiff a letter dated August 20, 2019.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

22.   The letter was sent to Plaintiff in connection with the collection of the SUN EAST FCU obligation.

23.   The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

24.   The August 20, 2019 letter was the initial written communication that Plaintiff received from Defendant.  No other written communication was received by Plaintiff from Defendant within five days of the August 20, 2019 letter.

25.   Upon receipt, Plaintiff read the letter.

26.   The letter provided the following information regarding the balance claimed due on the SUN EAST FCU obligation:

   Balance      $10,151.35

27.   The letter stated in part that:

   As of the date of this letter, according to our client's records, the above amount is the total amount of the debt owed. **The above is furnished for statutory purposes and is not to be treated as a payoff** and does not preclude our client from seeking a different amount at another time.  At a later date, our client may instruct our firm to collect additional amounts provided for in any agreement or as authorized by law. (emphasis added)

28.   As of the date of the August 20, 2019 letter, SUN EAST FCU ceased assessing late charges on the SUN EAST FCU obligation.

29.   As of the date of the August 20, 2019 letter, SUN EAST FCU ceased assessing interest on the SUN EAST FCU obligation.

30. At some time prior to August 20, 2019 letter, SUN EAST FCU ceased charging or adding late charges to the balance of the SUN EAST FCU obligation.

31. At some time prior to August 20, 2019 letter, SUN EAST FCU ceased charging or adding interest to the balance of the SUN EAST FCU obligation.

32. SUN EAST FCU never authorized WATSON & ALLARD to charge or add late charges or interest to the balance of the SUN EAST FCU obligation.

33. As of the date of the August 20, 2019 letter, neither SUN EAST FCU nor WATSON & ALLARD had the legal or contractual authority to assess late charges or interest on the SUN EAST FCU obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

34. The August 20, 2019 letter does not effectively convey the amount of the obligation under the FDCPA.

35. The August 20, 2019 letter misrepresents that that obligation is dynamic and subject to increase when it is not.

36. WATSON & ALLARD knew or should have known that its actions violated the FDCPA.

37. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character, amount legal status of the debt.

39. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

41. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from WATSON & ALLARD (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

42. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA;

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    **d.** <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

43. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

44. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

45. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

**<u>COUNT I</u>**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
1692 *et seq.* VIOLATIONS

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

49. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional amounts.

50. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the SUN EAST FCU obligation could increase due to late charges or interest.

51. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the SUN EAST FCU obligation could increase due to additional amounts.

52. Defendants' representation that the amount due could increase due to additional amounts when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

54. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

55. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase.

56. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

57. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

58. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

59. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase.

60. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges or interest.

61. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges or interest.

62. Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges and interest were no longer being assessed on the SUN EAST FCU obligation.

63. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

64. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional amounts when in fact the amount due would not and did not increase.

65. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional amounts when in fact the amount due would not and did not increase.

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

Dated: August 12, 2020

>*s/ Robert P. Cocco*
>Robert P. Cocco, Esq. (no. 61907)
>Law Offices of Robert P. Cocco, P.C.
>1500 Walnut Street, Suite 900
>Philadelphia, Pennsylvania 19102
>(215) 351-0200 telephone
>(215) 261-6055 facsimile

# EXHIBIT A

LAW OFFICES
**WATSON & ALLARD, PC**
24 Regency Plaza
Glen Mills, Pennsylvania 19342
(610) 358-9600
Fax:(610) 358-9601

*J. Scott Watson, Esquire*
*Gregory J. Allard, Esquire\**
*Ross S. Enders, Esquire\**
*\*Admitted to PA & NJ*

August 20, 2019

William L. Feggins
1735 Market Street, Apt. A425
Philadelphia PA 19103

**RE: Sun East Federal Credit Union / William L. Feggins**
**File Number:** 20191381
**Amount Due:** $10,151.35

Dear Mr. Feggins:

    Please be advised that the above referenced account has been forwarded to our office for collection on behalf of the above-referenced client. This action has resulted from your failure to make any reasonable arrangements to satisfy your indebtedness. We are sending this letter based on account information provided by our client. Please direct any future communications to our office.

    Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us as the debt collector.

    If you indicate a dispute in writing within thirty (30) days of the receipt of the letter, we will provide you with evidence concerning verification of the debt or we will provide you with a copy of any Judgment which has been entered against you, by mail. If the original creditor is different from the current creditor, upon written request, we will provide you with the name and address of the original creditor.

    The purpose of this letter is to attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.

    As of the date of this letter, according to our client's records, the above amount is the total amount of the debt owed. The above is furnished for statutory purposes and is not to be treated as a payoff and does not preclude our client from seeking a different amount at another time. At a later date, our client may instruct our firm to collect additional amounts provided for in any agreement or as authorized by law.

Sincerely yours,

*[signature]*

Watson & Allard, PC

---

Please be advised that we accept credit card payments from Visa / Mastercard / Discover / American Express. If you would like to remit full or monthly payments using this method, please complete the information below and return it to our office or contact us by phone. If you are using the credit feature of a debit card, please notify us immediately and provide written authorization for any recurring payments.

Name on Card _____    Credit Card Number_____
Expiration Date _____    V-Code (last 3 digits on back of card) _____
Address (street number of cardholder's billing address or number of P.O. Box) _____
Zip Code (of cardholder's address) _____    Amount of Payment _____
File Number: 20191381                                   (Must be a minimum of $100.00)